IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD LUSK,

    Petitioner,

v.                                                               No. 19-cv-1048 WJ-CG

FNU MILLER, *Warden,*
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Ronald Lusk's 28 U.S.C. § 2254 habeas corpus petition (Doc. 1) (Petition). Also before the Court is his motion for leave to proceed *in forma pauperis* (Doc. 2). Lusk seeks a conditional writ ordering the New Mexico Adult Parole Board to hold a five-year duration review hearing or release him from custody. After reviewing the matter *sua sponte*, the Court will direct Lusk to show cause why the Federal Court should not abstain from this *pro se* action, as he is currently seeking the same relief, through counsel, in state court.

### BACKGROUND

       In 2010, Lusk pled no contest to one count of criminal sexual exploitation of a child by media. (Doc. 1 at 1). The State Court sentenced him to nine years imprisonment, with six years suspended. *Id.* The term of incarceration was followed by an indeterminate period of parole, ranging from five to twenty years, pursuant to state statutes governing sex-offenses (N.M.S.A. §§ 31-20-5.2 and 31-21-10.1). *Id.* Lusk was briefly released from custody on October 21, 2014 and spent 56 days "on the streets." *Id.* at 5. It appears his parole was revoked in December 17, 2014, and he is currently incarcerated. *Id.*

Lusk filed the federal Petition on November 8, 2019. (Doc. 1). He alleges he was entitled to a five-year parole review hearing in 2017. *Id.* at 5. The Board Parole takes the position that Lusk is not entitled to such hearing until he completes 1000 days "on the streets," *i.e.,* 1000 days after his release from custody. *Id.* Lusk filed an *in forma pauperis motion*, which reflects he cannot afford the prepay the $5.00 habeas fee. The Court will therefore grant the motion (Doc. 2) and conduct an initial review of the Petition.

## DISCUSSION

Lusk seeks relief under 28 U.S.C. § 2254. That section is inapplicable, however, because Lusk is not "collaterally attack[ing] the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Instead, he challenges the execution of his sentence, and in particular, his term of parole. Such challenges must be brought under 28 U.S.C. § 2241. *Id.* (challenges to the execution of a sentence can only be raised under § 2241); *see also Sutton v. Mikesell,* 2020 WL 1845283, at *2 (10th Cir. Apr. 13, 2020) (applying § 2241 to review state parole board's decision to defer a conditional grant of parole). The same filing fee applies under both habeas statutes, and the Court will apply Habeas Corpus Rule 4 to conduct a *sua sponte* review in this proceeding. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (district court acted within its discretion by applying § 2254 Habeas Rules to a § 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (citing Rule 4, and noting courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

Habeas Corpus Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to

file an answer…." *Id.* As part of the initial review process, the Court may examine whether the petitioner exhausted state remedies. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies … may be raised by a court sua sponte.... [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside."). The initial review can also include an analysis of jurisdiction, as "courts have an independent obligation to address their own subject-matter jurisdiction." *City of Albuquerque v. Soto Enterprises, Inc.,* 864 F.3d 1089, 1093 (10th Cir. 2017).

Lusk alleges he exhausted state remedies before bringing a federal habeas claim. Assuming this is true, the state court docket reflects he is still litigating in that forum. Lusk is currently prosecuting a counseled mandamus action in New Mexico's Second Judicial District Court, Case No. D-202-cv-2020-2533. Counsel filed an amended petition in state court on June 1, 2020, which requests the same relief as Lusk's federal Petition. He asks the state court to compel the Parole Board to show cause why he should not be discharged from custody, based on the failure to hold a five-year duration review hearing. *See* Amended Petition in Case No. D-202-CV-2020-2533. Because the state court action could moot the federal case, the concurrent proceedings trigger a jurisdictional analysis under *Younger v. Harris*, 401 U.S. 37 (1971).

The *Younger* doctrine requires federal courts to abstain from exercising jurisdiction when: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). The doctrine is based "on notions of comity and federalism, which require that federal

courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Amantullah v. Colorado Bd. of Med. Exam'r*, 187 F.3d 1160, 1163 (10th Cir. 1999).

All three *Younger* conditions appear to be met in this case. There is an ongoing counseled mandamus proceeding addressing the same subject matter as the federal Petition. As to the second condition, the Tenth Circuit counsels that "unless state law clearly bars the interposition of the federal statutory and constitutional claims," a litigant typically has "an adequate opportunity to raise federal claims in state court." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003). Lusk's federal constitutional claims are not barred under state law, and he raised them in the amended state mandamus petition. *See* Amended Petition in Case No. D-202-CV-2020-2533. In fact, beyond being merely "adequate," the state court appears preferable in this instance. Lusk has counsel in the state court matter, whereas he is prosecuting this federal matter *pro se*.

The last *Younger* condition focuses on whether the state proceeding involves important state interests. "The states' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). *See also Fisher v. Whetsel*, 142 Fed. App'x 337, 339 (10th Cir. July 20, 2005) (noting that a state's "important interest in enforcing its criminal laws through proceedings in its state courts remains axiomatic"). The Tenth Circuit recently affirmed the decision to abstain from § 2241 proceedings where, as here, the habeas proceeding could impair the state's ability to enforce its own criminal laws in an ongoing case. *See Winn v. Cook*, 945 F.3d

1253, 1258 (10th Cir. 2019). Based on this authority, the Court finds the state has an important interest in overseeing its own parole system, and the third *Younger* condition is met.

Having determined *Younger* applies, the Court must abstain "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). The Court will permit Lusk to file a response within thirty (30) days of entry of this Order showing cause, if any, why abstention is not warranted. If Lusk concedes the point or otherwise fails to timely respond, the Court will dismiss this case. Any dismissal will be without prejudice to refiling a § 2241 petition if the state action is unsuccessful.

**IT IS ORDERED** that the Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is **GRANTED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this ruling, Lusk must show cause in writing why his habeas petition should not be dismissed without prejudice under the *Younger* abstention doctrine, in light of his counseled state court case.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE