**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

RONALD LUSK,

      Petitioner,

v.                                     No. 19-cv-1048 WJ-CG

FNU MILLER, *Warden,*
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

      Respondents.

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Ronald Lusk's 28 U.S.C. § 2241 habeas corpus petition (Doc. 1) (Petition).   Lusk seeks a conditional writ ordering the New Mexico Adult Parole Board to hold a five-year duration review hearing or release him from custody.   The Court previously directed Lusk to show cause why the Federal Court should not abstain from this *pro se* action, as he is currently seeking the same relief, through counsel, in state court.   Lusk concedes abstention is appropriate, and the Court will dismiss the Petition with prejudice.

### BACKGROUND

      In 2010, Lusk pled no contest to one count of criminal sexual exploitation of a child by media.   (Doc. 1 at 1).   The State court sentenced him to nine years imprisonment, with six years suspended.   *Id.*   The term of incarceration was followed by an indeterminate period of parole ranging from five to twenty years, pursuant to New Mexico statutes governing sex-offenses (N.M.S.A. §§ 31-20-5.2 and 31-21-10.1).   *Id.*   Lusk was briefly released from custody on October 21, 2014 and spent 56 days "on the streets."   *Id.* at 5.   It appears his parole was revoked in December 17, 2014, and he is currently incarcerated.   *Id.*

Lusk filed the federal Petition on November 8, 2019.   (Doc. 1).   He alleges he was entitled to a five-year parole review hearing in 2017.   *Id.* at 5.   The Board Parole takes the position that Lusk is not entitled to such hearing until he completes 1000 days "on the streets," *i.e.,* 1000 days after his release from custody.   *Id.*   By a Memorandum Opinion and Order entered June 25, 2020, the Court directed Lusk to show cause why it should not abstain from this habeas action under *Younger v. Harris*, 401 U.S. 37 (1971).   (Doc. 3).   Lusk filed his response on July 6, 2020, and the matter is ready for review.

## DISCUSSION

Lusk challenges the execution of his sentence, and in particular, his term of parole.   The Petition is therefore construed under 28 U.S.C. § 2241.   *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (challenges to the execution of a sentence can only be raised under § 2241); *Sutton v. Mikesell,* 2020 WL 1845283, at *2 (10th Cir. Apr. 13, 2020) (applying § 2241 to review state parole board's decision to defer a conditional grant of parole).   The Court also applies the rules governing 28 U.S.C. § 2254 proceedings to conduct a *sua sponte* review of the § 2241 Petition.   *See Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (district court acted within its discretion by applying § 2254 Habeas Rules to a § 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (citing Rule 4, and noting courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

Habeas Corpus Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4.   "If the petition is not dismissed, the judge must order the respondent to file an answer…."   *Id.*   As part of the initial review process, the Court may examine whether the

petitioner exhausted state remedies.  *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies … may be raised by a court sua sponte.... [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside."). The initial review can also include an analysis of jurisdiction, as "courts have an independent obligation to address their own subject-matter jurisdiction."  *City of Albuquerque v. Soto Enterprises, Inc.,* 864 F.3d 1089, 1093 (10th Cir. 2017).

The Petition reflects Lusk exhausted state remedies by prosecuting a New Mexico habeas proceeding.  However, the State court docket reflects Lusk is still litigating in that forum.  Lusk is currently prosecuting a counseled mandamus action in New Mexico's Second Judicial District Court, Case No. D-202-cv-2020-2533.  Counsel filed an amended petition in state court on June 1, 2020, which requests the same relief as Lusk's federal Petition.  He asks the state court to compel the Parole Board to show cause why he should not be discharged from custody, based on the failure to hold a five-year duration review hearing.  *See* Amended Petition in Case No. D-202-CV-2020-2533.  Because the state court action could moot the federal case, the concurrent proceedings trigger a jurisdictional analysis under *Younger v. Harris*, 401 U.S. 37 (1971).  *See, e.g., Allen v. Friel,* 2007 WL 128967, at *1 (D. Utah Jan. 11, 2007) (analyzing *Younger* abstention during *sua sponte* review of habeas petition).

The *Younger* doctrine requires federal courts to abstain from exercising jurisdiction when: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests."  *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th

3

Cir. 2006).   The doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).   "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Amantullah v. Colorado Bd. of Med. Exam'r*, 187 F.3d 1160, 1163 (10th Cir. 1999).

All three *Younger* conditions appear to be met in this case.   There is an ongoing counseled mandamus proceeding addressing the same subject matter as the federal habeas Petition.   As to the second condition, the Tenth Circuit counsels that "unless state law clearly bars the interposition of the federal statutory and constitutional claims," a litigant typically has "an adequate opportunity to raise federal claims in state court." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).   Lusk's federal constitutional claims are not barred under state law, and he raised them in the amended state mandamus petition.   *See* Amended Petition in Case No. D-202-CV-2020-2533.   In fact, beyond being merely "adequate," the state court appears preferable in this case.   Lusk has counsel in the state court matter, whereas he is prosecuting this federal Petition *pro se*.

The last *Younger* condition focuses on whether the state proceeding involves important state interests.   "The states' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).   *See also Fisher v. Whetsel*, 142 Fed. App'x 337, 339 (10th Cir. July 20, 2005) (noting that a state's "important interest in enforcing its criminal laws through proceedings in its state courts remains axiomatic").   The Tenth Circuit recently affirmed the decision to abstain from a § 2241 proceeding where the habeas matter could impair the state's

ability to enforce its own criminal laws in an ongoing prosecution.  *See Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019).   Based on this authority, the Court finds the state has an important interest in overseeing its own parole system, and the third *Younger* condition is met.

Having determined *Younger* applies, the Court must abstain "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).   The Court previously allowed Lusk to file a response to address these exceptions.   In his response, Lusk concedes he is still litigating this matter in state court and that *Younger* abstention is appropriate.  (Doc. 4).   However, he asks the Court to dismiss this matter without prejudice.  The Court will grant this request, as *Younger* abstention is not an adjudication on the merits.   *See Franklin v. Douglas Cty. Dist. Court*, 638 Fed. App'x 691, 692 (10th Cir. Dec. 30, 2015) (finding plaintiff was free to refile claims after district court abstained because a *Younger* dismissal is without prejudice).

**IT IS ORDERED** Ronald Lusk's request to dismiss this case without prejudice (**Doc. 4**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Ronald Lusk's Petition for Writ of Habeas Corpus (**Doc. 1**) is **DISMISSED without prejudice** under the *Younger* abstention doctrine; and the Court will enter a separate judgment closing the federal case.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE